NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shawn Lee Thompson,<br>    Petitioner,<br>v.<br>Ryan Thornell, et al.,<br>    Respondents. | No. CV-23-08577-PCT-SRB<br><br>**ORDER** |

    Petitioner, Shawn Lee Thompson was convicted in Arizona state court of one count of Luring a Minor for Sexual Exploitation and two counts of Aggravated Luring a Minor for Sexual Exploitation.  After serving a 3.5-year prison sentence for Luring a Minor for Sexual Exploitation, he began serving consecutive lifetime probations on the other two counts. After a probation search of his residence in October 2017, a Petition to Revoke Probation was filed alleging several violations of Petitioner's sex offender conditions. On January 2, 2018, Petitioner admitted to one of the alleged violations admitting that he had viewed pornographic materials on the internet. In two written statements he admitted he had been "viewing and flirting with females on the PlayStation Network" and "between July and October 2017, [he] accessed the PS4 web browser and watched pornographic materials of teen adult and animated females." Petitioner was sentenced on his admitted probation violation on January 22, 2018. (Doc. 10-2, Ex. S.)

    Following his probation violation conviction, Petitioner filed a Petition for Post-Conviction Relief in state court on April 14, 2018 claiming ineffective assistance of

counsel. This Petition was dismissed on September 11, 2019. There was no appeal of the dismissal. (Doc. 10-1, Exs. J, L.)

On April 1, 2021, Petitioner filed another Petition for Post-Conviction Relief which was dismissed as untimely on May 12, 2021. On June 7, 2021 he filed a document which the Court treated as a Motion for Reconsideration of the May dismissal Order. The Motion for Reconsideration was denied on June 17, 2021. (Doc. 10-1, Exs. R, S, T, U.)

On July 14, 2021, Petitioner filed a Motion for Correction of Sentence which was treated by the state court as another Petition for Post-Conviction Relief. The Court dismissed this petition as untimely on July 27, 2021. Petitioner then sought review in the Arizona Court of Appeals. Review was denied on December 23, 2021. The Arizona Supreme Court denied review on October 7, 2022. (Doc. 10-2, Exs. U, W; Doc. 10-6, Exs. AA, BB.)

On October 11, 2023, Petitioner filed his Petition for Writ of Habeas Corpus in this Court asserting that his conviction for his probation violation violated his federal constitutional rights to due process because there had been an unreasonable search and seizure and because there was ineffective assistance of counsel. (Doc. 1.) Respondents filed a Limited Answer arguing that Petitioner raised non- cognizable claims, that the claims were procedurally defaulted, and that the Petition was untimely. (Doc. 10.) Petitioner filed a Limited Reply. (Doc. 11.)

On October 2, 2024, the Magistrate Judge issued her Report and Recommendation recommending the denial and dismissal with prejudice of the Petition because it was untimely filed and because neither equitable tolling nor actual innocence excused the untimely filing. (Doc. 12.) Petitioner filed Objections on November 15, 2024. (Doc. 15.) Respondents responded to the Objections on November 26, 2024. (Doc. 16.) Petitioner does not object to the Magistrate Judge's finding that the Petition was untimely. Rather he objects to the findings that he was not entitled to equitable tolling and that he could not pass the actual innocence gateway to excuse his untimely petition.

. . .

**Equitable Tolling**

Petitioner's arguments for equitable tolling relate to his alleged inability to timely raise his post-conviction claims in state court because Mojave County had possession of his property that contained evidence showing he did not violate his probation. Petitioner admits he took possession of this property from Mojave County on September 9, 2020, about one-year after the dismissal of his timely filed Petition for Post-Conviction Relief. He then filed his next Petition for Post-Conviction Relief on April 1, 2021. This Petition was dismissed as untimely. He filed yet another Petition for Post-Conviction Relief, titled Motion for Correction of Sentence, which was denied as untimely on July 27, 2021. Both the Arizona Court of Appeals and the Arizona Supreme Court denied review. Petitioner argues that this Court should ignore the state court's dismissal of his two Petitions as untimely and instead find that there should be equitable tolling because he diligently pursued his claims after he retook possession of his seized property.

Petitioner's argument for equitable tolling made in his Limited Reply and in his Objections is that, until he obtained his seized property, he could not know that no criminal or sexual activity occurred and that he had committed no probation violation. Petitioner fails to address the Magistrate Judge's finding that he has failed to show how the fact that he could not inspect his seized property caused the untimely filing of his habeas petition. He also fails to address his own personal knowledge of his internet usage and his admission under oath that he did view pornography in violation of his probation terms. Most importantly, Petitioner fails to address the more than three-year delay between his admitted receipt of his seized property in September 2020 and the filing of his habeas petition in October of 2023. As the Magistrate Judge explained, there is no statutory tolling during the pendency of his April 2021 and June 2021 Petitions for Post-Conviction Relief because these untimely dismissals are not considered properly filed applications for state post-conviction review. The Court agrees with the Magistrate Judge that Petitioner has not shown diligence in pursuing his federal claims and is not entitled to equitable tolling.

. . .

**Actual Innocence**

Petitioner also claims the untimely filing of his habeas petition should be excused because he is factually innocent of the probation violation he admitted in 2017. In her Report and Recommendation, the Magistrate Judge quotes the entirety of the evidence of factual innocence Petitioner claims his computer demonstrates. Essentially, he says his electronic device shows innocent communications between him and a woman related to Petitioner's business and the messages involve no criminal or sexual activity. As the Magistrate Judge pointed out, the state court found that this evidence had no bearing on whether Petitioner viewed pornography on his computer, something he previously admitted. The Magistrate Judge concluded and this Court agrees that this "new" evidence does not make it more likely than not that no reasonable jury would have convicted him of a probation violation. Petitioner cannot pass the actual innocence gateway and have his untimely filing of his habeas petition excused.

IT IS ORDERED overruling Petitioner's Objection to Report and Recommendation. (Doc. 15)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 12)

IT IS FURTHER ORDERED denying and dismissing with prejudice Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 4)

IT IS FURTHER ORDERED denying any Certificate of Appealability and leave to proceed in forma pauperis on appeal. The dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

Dated this 12th day of December, 2024.

_____
Susan R. Bolton
United States District Judge